IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID ALLEN LAVENDER, #419751,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-2549-L-BN** |
| | § | |
| **PARKLAND HOSPITAL,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered on October 14, 2020, recommending that the court dismiss without prejudice this action for lack of subject matter jurisdiction or, alternatively, as frivolous. No objections to the Report were filed as of the date of this order. The docket sheet indicates that the Report delivered to Plaintiff was returned as undeliverable, even though it was sent to the most recent address he provided to the court on March 17, 2020 (Doc. 15).

The court has reviewed the pleadings, file, record in this case, and the Report, and it agrees with the magistrate judge that subject matter jurisdiction based on federal question jurisdiction is lacking. Because the court could have *sua sponte* dismissed this action for lack of jurisdiction without giving Plaintiff an opportunity to respond or object, it need not wait for a response by him to the Report or extend his deadline to file objections. Moreover, although Plaintiff is proceeding pro se, it is his responsibility to immediately notify the court of any changes of address. The court, therefore, determines that the findings and conclusions of the magistrate judge regarding the lack of jurisdiction are correct, **accepts** them as those of the court; and **dismisses without prejudice** this

**Order –Page 1**

action for lack of subject matter jurisdiction.  The court expresses no opinion regarding the magistrate judge's alternative recommendation regarding the merits of Plaintiff's claims.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997).  The court **concludes** that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 30th day of November, 2020.

Sam A. Lindsay
United States District Judge